

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-19-2008

# Hu v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-1981

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Hu v. Atty Gen USA" (2008). *2008 Decisions.* Paper 1206.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/1206

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 07-1981

_____

SHAN QIN HU,
            *Petitioner*,

vs.

ATTORNEY GENERAL OF
THE UNITED STATES,
            *Respondent*.

_____

On Petition for Review of Order of the
Board of Immigration Appeals
BIA No. A96-390-242
Immigration Judge: Annie S. Garcy

_____

Submitted on May 16, 2008

_____

Before: MCKEE, GARTH, *Circuit Judges*, and IRENAS,* District Judge.
(Opinion Filed: May 19, 2008)

_____

**OPINION**

_____

_____

* Hon. Joseph E. Irenas, Judge, United States District Court for the District of
New Jersey, sitting by designation.

GARTH, *Circuit Judge*:

Shan Qin Hu ("Hu") petitions this Court for review of the Board of Immigration Appeals ("BIA") order of January 10, 2007, affirming and adopting the Immigration Judge's ("IJ") decision rendered on July 14, 2005, which denied Hu's applications for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT") based on adverse credibility findings. Because the IJ's adverse credibility determinations are supported by substantial evidence in the record, we deny the petition for review.

## I.

A native and citizen of China and born April 3, 1963, Hu arrived illegally in the United States on April 3, 2004. On April 21, 2004, the Department of Homeland Security charged Hu with removal pursuant to INA § 212(a)(7)(A)(i)(I) and INA § 212(a)(6)(C)(I). Having failed to appear at a hearing before the Immigration Judge on July 1, 2004, Hu was ordered removed to China, in absentia. Hu's counsel moved to reopen, blaming himself for Hu's failure to appear, and the motion was granted.

Hu conceded the charges of removability, but sought asylum based on China's coercive population control policy. He alleged that his spouse was forced to undergo a sterilization procedure on February 6, 1987 after the birth of their second son. He also alleged that he feared arrest, detention, and torture, if deported to China, because he

violated that country's population control policy. In support of his claims, Hu submitted, among other things, an x-ray showing that his spouse was sterilized, a medical report verifying the x-ray, a letter from his spouse stating that she was sterilized, and a certificate from the Huawu Village Committee confirming that his spouse was sterilized. Hu also testified that he was beaten six months after the sterilization and threatened with arrest if he complained about the population control policy, and that he and his family were forced into hiding until Hu's departure in 2004. Thus, he sought asylum under 8 U.S.C. §§ 1101(a)(42)(A)-(B).

The Immigration Judge held that Hu lacked credibility on the issues of whether his spouse was sterilized against her will and whether he was persecuted for opposition to the population control policy. The IJ found problems with Hu's demeanor during his testimony and significant inconsistencies between the facts alleged in Hu's asylum application and his testimony. Moreover, the IJ noted that it was difficult to believe how the same institution that allegedly persecuted Hu's spouse would issue her a certificate confirming her sterilization after she had been in hiding for seventeen years. Because Hu's testimony and supporting documentary evidence were not credible or believable, the Immigration Judge found that Hu had not established that his spouse was sterilized against her will or that he suffered persecution or had a well-founded fear of persecution. Furthermore, the IJ denied Hu's application for withholding of removal and protection under the Convention Against Torture.

In his appeal to the Board of Immigration Appeals, Hu argued that the IJ's credibility findings were not supported by the record and that any inconsistencies between his asylum application and testimony were either insignificant or explainable. On January 10, 2007, the BIA dismissed the appeal on the grounds that the IJ's credibility findings were not clearly erroneous. Hu filed a timely petition for review, arguing that the IJ's adverse credibility findings are not supported by substantial evidence and that therefore he is eligible for asylum. He does not raise any arguments with respect to the IJ's denial of withholding of removal or protection under the CAT.

## II.

8 U.S.C. § 1252(a)(1) provides for judicial review of final orders of removal. *See Romanishyn v. Atty. Gen.*, 455 F.3d 175, 180 (3d Cir. 2006). Where, as here, the Board adopts the immigration judge's decision and adds its own reasons, this Court reviews both decisions. *Fadiga v. Atty. Gen.*, 488 F.3d 142, 153, n. 16 (3d Cir. 2007). The standard of review for questions of law is *de novo*. *Id.* at 153-54. Findings of fact are reviewed for substantial evidence and, therefore, may not be set aside unless a reasonable fact-finder would be compelled to find to the contrary. *Gabuniya v. Atty. Gen.*, 463 F.3d 316, 321 (3d Cir. 2006).

**III.**

Based on a comprehensive review of the record, we find that there is substantial evidence in support of the IJ's adverse credibility determinations with respect to Hu's testimony and documentary evidence. Particularly damaging to Hu's asylum claim is his omission from his asylum application that he was beaten for his opposition to China's coercive population control policy and went into hiding with his family for seventeen years. Such allegations, if indeed true, would be central to any asylum application. Moreover, we find it hard to fathom that a village committee – which allegedly implements a coercive policy through beatings, detentions, and forced sterilizations – would then issue a certificate confirming its acts of persecution to a victim who had been in hiding for seventeen years. Therefore, we deny the petition for review.